IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-34,970-02






EX PARTE JAMES EUGENE BIGBY








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. C-3-008319-0329813-B IN THE 3RD CRIMINAL DISTRICT COURT

TARRANT COUNTY





 Per Curiam. 

 

O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Article 11.071, Tex. Code Crim. Proc.

 In March 1991, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal, Bigby v. State, 892 S.W.3d 864 (Tex. Crim. App.
1994), and denied relief on his original 11.071 writ application. Ex parte Bigby, No. WR-34,970-01 (Tex. Crim. App., denied with written order February 4, 1998)(unpublished). 
However, applicant's death sentence was later vacated by the United States Court of Appeals
for the Fifth Circuit. Bigby v. Dretke, 402 F.3d 551 (5th Cir. 2005) (reversing based upon
Penry claim that punishment-phase jury instructions prevented the jury from acting upon his
mitigating evidence and remanding for a new trial on punishment). Applicant was retried
on punishment and again sentenced to death. Applicant's sentence was again affirmed on
direct appeal. Bigby v. State, No. AP-75,589 (Tex. Crim. App., delivered October 8, 2008)
(unpublished).

 Applicant presents seven allegations in his application in which he challenges the
validity of his conviction and resulting sentence. (1)
 The trial court did not hold a live
evidentiary hearing. The trial court adopted the State's proposed findings of fact and
conclusions of law recommending that the relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial judge's findings and conclusions. Based upon the trial court's findings
and conclusions and our own review, we deny relief. 

 IT IS SO ORDERED THIS THE 17TH DAY OF DECEMBER, 2008.


Do Not Publish 
1. "Applicant's application for writ of habeas corpus was untimely filed. However, as we
find the error to be a simple miscalculation of the dates, we find good cause under Article
11.071, § 4A, and establish a new filing date of January 4, 2008."